IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:20CR178 |
|---|---|
| Plaintiff. | INFORMATION |
| vs. | 18 U.S.C. § 371 |
| JOSH BOWMAR, SARAH BOWMAR, and BOWMAR BOWHUNTING, LLC | 16 U.S.C. § 3372(a)(2)(A) |
| | 16 U.S.C. § 3373(d)(2) |
| | 21 U.S.C. § 853(p) |
| Defendants. | 28 U.S.C. § 2461 |

The Grand Jury charges that

## INTRODUCTION

At all times material herein:

1. JOSH BOWMAR, and his spouse, SARAH BOWMAR, resided in Westerville, Ohio.

2. That on or before September 10, 2015, and continuing through at least November 6, 2017, Defendants JOSH BOWMAR and SARAH BOWMAR operated a hunting and outdoor video production company known as BOWMAR BOWHUNTING (BBH) and conducted primarily video-recorded archery hunts for white-tailed deer, mule deer, wild turkey, and other wildlife species in multiple states and countries.

3. That on or about October 17, 2016, BBH was formally organized as a domestic for profit limited liability company with the Ohio Secretary of State under the name BOWMAR BOWHUNTING, LLC, and that JOSH BOWMAR and SARAH BOWMAR were members and co-owners, each holding 50 percent interest in the company. (JOSH BOWMAR, SARAH BOWMAR, and BOWMAR BOWHUNTING a.k.a BOWMAR BOWHUNTING, LLC are collectively referred to as "Defendants.")

1

4. That from on or before September 10, 2015, and continuing through at least November 6, 2017, BBH initiated an ongoing business relationship with J.H. and HIDDEN HILLS OUTFITTERS (HHO), a big game guiding and outfitting business located near Broken Bow, Nebraska.

5. The Lacey Act, Title 16 U.S.C. § 3372(a)(1) and (a)(2), makes it unlawful for a person to, among other things, knowingly transport, sell, receive, acquire or purchase wildlife, in interstate commerce, which has been taken, possessed, transported, or sold in violation of a wildlife-related state or federal law, and which the person knows, or in the exercise of due care should know, was taken, possessed, transported, or sold in violation of a state or federal law or regulation related to wildlife protection.

6. Under the Lacey Act, it is deemed to be a sale of wildlife for any person, for money or other consideration, to provide guiding, outfitting, or other services for the illegal taking, acquiring, receiving, transporting or possessing of wildlife. 16 U.S.C. § 3372(c)(1).

7. Under the Lacey Act, it is deemed to be a purchase of wildlife for any person, for money or other consideration, to obtain guiding, outfitting, or other services for the illegal taking, acquiring, receiving, transporting or possessing of wildlife. 16 U.S.C. § 3372(c)(1).

8. Nebraska Revised Statute 37-314 authorizes, among other things, the Nebraska Game and Parks Commission (NGPC) to fix, prescribe, and publish rules and regulations regarding the methods or type, kind, and specifications of hunting gear used in taking of any game.

9. Nebraska Revised Statute 37-411(4) makes it unlawful for any nonresident to hunt or have in his or her possession any wild mammal or wild bird without first obtaining a nonresident hunting permit as required under the Game Law.

10. Nebraska Revised Statute 37-447 authorizes the NGPC to issue permits for the hunting of deer and adopt and promulgate rules and regulations and pass commission orders to prescribe limitations for the hunting, transportation, and possession of deer that include, but not be limited to, specifications for weapons used and limitations on the method of hunting deer.

11. Nebraska Revised Statute 37-504(4) specifies that any person who unlawfully takes any game or unlawfully has in his or her possession any such game shall be guilty of a criminal offense.

12. Nebraska Revised Statute 37-513(1) prohibits shooting at any wildlife from any highway or roadway, which includes that area of land from the center of the traveled surface to the right-of-way on either side.

13. Nebraska Administrative Code Title 163 Section 4.001.01B5 makes it unlawful, among other things, to hunt deer under the authority of an archery permit while in possession of, or having under control, any firearm, except within the enclosed portion of a vehicle.

14. Nebraska Administrative Code Title 163 Section 4.001.01B9 makes it unlawful to establish, utilize, or maintain a baited area for ten (10) days prior to the opening of any big game or turkey season and throughout those entire seasons for the purpose of taking big game and turkey; for a person within a baited area to hunt big game or turkey; or for a person to hunt or take big game or turkey that are within the baited area. A baited area is defined as an area within 200 yards of any location where bait (grains, fruits, vegetables, nuts, hay, minerals [including salt], or any food materials, commercial products containing food materials, or by-products of such materials) is placed or maintained for the purposes of hunting and that may serve as an attractant to big game or turkey; and that an area shall be considered baited for ten (10) days following the removal of all bait.

15. Nebraska Administrative Code Title 163 Section 4.003.01B specifies that archery equipment as described in Conservation Order C03 is the only authorized weapon to be used with an archery deer hunting permit.

## COUNT I
### (Conspiracy)

16. The Grand Jury reincorporates the allegations contained in paragraphs 1 through 15 of this Information as if fully set forth herein.

### THE CONSPIRACY AND ITS OBJECTS

17. At various times from at least on or about September 10, 2015, and continuing through at least November 6, 2017, in the District of Nebraska and elsewhere, Defendants, JOSH BOWMAR, SARAH BOWMAR, and BOWMAR BOWHUNTING a.k.a BOWMAR BOWHUNTING, LLC, unlawfully, willfully and knowingly conspired, combined, confederated and agreed together and with each other, and with others known to the Grand Jury, to commit an offense against the United States:

A) To knowingly transport, and attempt to transport, receive, and acquire wildlife, that is, turkey and deer, or parts thereof, in interstate commerce, when in the exercise of due care, the defendant should have known that said wildlife was taken, possessed, and transported in violation of and in a manner unlawful under the regulations of Nebraska, specifically Nebraska Revised Statutes 37-411, 37-457, and 504(4), all in violation of Title 16, United States Code, Section 3372(a)(2)(A) and Title 16, United States Code, Section 3373(d)(2).

## MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

18. At various times from at least on or about September 10, 2015, through at least November 6, 2017, Defendants, and other co-conspirators known to the Grand Jury, agreed and had an understanding to routinely purchase hunting and guiding services from HHO for the purposes of taking, possessing, and acquiring wildlife in violation of the laws and regulations of the State of Nebraska. It was also part of the agreement and understanding that the wildlife taken, possessed, and acquired in violation of the laws and regulations of the State of Nebraska would be transported in interstate commerce from the State of Nebraska into Ohio or other states.

19. Defendants established business relationships or sponsorships with various national outdoor adventure and hunting equipment companies. Defendants received payments in the form of money or equipment from those companies for the marketing or advertisement of the brand names while conducting BBH commercial activities, including those hunts and activities at HHO.

20. Defendants utilized a large network of HHO hunting sites throughout numerous HHO leased hunting properties in at least Custer, Blaine, Valley, Gosper, and Keith counties, Nebraska, consisting of tree stands and ground blinds. Defendants, and other co-conspirators known to the Grand Jury, routinely accompanied, observed, and assisted establishing or maintaining bait sites over watched by electronic game cameras. Defendants, and other co-conspirators known to the Grand Jury, utilized numerous HHO bait sites in order to locate and identify potential target deer, maximize their hunting effectiveness and success rate, or to attempt to kill a specific trophy deer.

21. Defendants, and other co-conspirators known to the Grand Jury, routinely and intentionally hunted white-tailed deer within HHO baited areas. Defendants knew the HHO baited areas were established for the purpose of taking big game or turkey as prohibited by Nebraska Revised Statutes 37-314, 37-504(4) and Nebraska Administrative Code Title 163, Chapter 4, Section 001.01B9.

22. Defendants regularly video-recorded and photographed the hunts for the purpose of creating, producing, and distributing the content to the public through their online BBH business platforms including an internet website, Instagram page, and YouTube channel. Defendants utilized a variety of videographic, photographic, and electronic equipment including a Sony A7 Mark ii DSLR camera, Sony 4K High Definition digital video camera, GoPro cameras, hand-held video cameras, StealthCam and Covert Cam trail cameras, MavicPro drone with video, Apple laptop computers, and other associated hardware and software. Defendants intentionally attempted to minimize or avoid recording the trail cameras or bait sites located at their HHO hunting locations in order to elude detection by law enforcement or members of the public.

23. Defendants hunted white-tailed deer almost exclusively within HHO baited areas. Most of those HHO hunting locations were positioned in plain or direct site of bait piles over watched by trail cameras at a range of 25 to 35 yards from the tree stand or ground blind. HHO baited hunting locations were generally established by HHO long before the hunt and rebaited or refreshed immediately before or during the hunt, at times while accompanied by, with the assistance of, or independently by Defendants. The HHO baited hunting locations provided defendants a more controlled setting and increased probability of capturing and recording high-quality video content of both successful and unsuccessful hunts to promote the BBH business.

24. That during the course of the conspiracy, the Defendants exploited for the mutual financial gain of both BBH and HHO, their and HHO's routine baiting practices and unlawful deer hunts within associated baited areas by pursuing a joint business venture with HHO owner J.H., for the development, marketing, and sale of a deer feed or supplement under the tradename "PrimeTine," and that JOSH BOWMAR was the Chief Executive Officer and co-owner along with J.H., President, of PrimeTine LLC, a domestic limited liability company filed with the Nebraska Secretary of State on July 10, 2017.

25. That during the course of the conspiracy the Defendants conducted approximately three (3) to five (5) hunts per year at HHO primarily during the spring turkey season, and on multiple occasions throughout the fall archery deer hunting season. Defendants drove various personally owned vehicles, including a 2016 Toyota Tundra Crewmax SR5, from their Ohio residence and elsewhere to HHO, at times towing an enclosed cargo trailer outfitted with temporary living quarters, equipment storage, and an onboard freezer for wildlife meat and trophy preservation. Upon the completion of their hunts at HHO, Defendants utilized the various pickup trucks or sport-utility vehicles and attached cargo trailers to transport wildlife, including parts of their unlawfully taken deer and turkey, from HHO to their Ohio residence or elsewhere.

26. That during the course of the conspiracy, Defendants obtained hunting and guiding services from HHO and conducted multiple hunts per year at HHO, including hunts that were intended to or in fact did result in the unlawful take, possession, and transport of white-tailed deer, mule deer, and wild turkeys in a manner unlawful under the rules and regulations of Nebraska. Between August 5, 2015, and November 6, 2017, the Defendants paid HHO or its employees or associates at least $34,775 for those guiding and outfitting services.

## OVERT ACTS

27. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Nebraska and elsewhere:

A) That on or about September 16, 2015, Defendant JOSH BOWMAR, while accompanied by J.S., knowingly and unlawfully archery hunted deer within a baited area in violation of Nebraska Revised Statutes 37-314, 37-504(4) and Nebraska Administrative Code Title 163, Section 4.001.01B9 at various locations within the District of Nebraska while conducting a hunt at HHO. During the hunt, Defendant JOSH BOWMAR complained to HHO owner J.H. regarding an opening in a fence that allowed nearby livestock to consume the feed at a nearby bait site. Defendant JOSH BOWMAR and J.S. referred to the bait as "Four Leaf Clover" during conversations with HHO guides about the use of the bait.

B) That on or about December, 2015, Defendant JOSH BOWMAR, knowingly and unlawfully archery hunted deer within a baited area in violation of Nebraska Revised Statutes 37-314, 37-504(4) and Nebraska Administrative Code Title 163, Section 4.001.01B9. Defendant JOSH BOWMAR hunted for a particular trophy-sized white-tailed deer with double corkscrew drop tine antlers within a heavily baited area upon a property located approximately one (1) mile east of Callaway, in Custer County, Nebraska. Defendant JOSH BOWMAR hunted for a particular white-tailed deer named "Snowflake" within a baited area upon on a property located adjacent to a sand and gravel operation located approximately five (5) miles east of Brewster, in Blaine County, Nebraska, and hunted for two (2) other targeted trophy-sized white-tailed deer named "Head Turner" and "Superman."

C) That on or about December 15, 2015, Defendant SARAH BOWMAR killed a wild turkey approximately four miles northwest of Brewster, located in Blaine County, Nebraska. That at the time of hunting and taking the turkey, Defendant SARAH BOWMAR did not possess a valid turkey permit as required by Nebraska Revised Statutes 37-411, 37-457, and 504(4).

D) That on or about December 15, 2015, the Defendants published a photograph and other social media content upon the BBH Instagram account depicting Defendant SARAH BOWMAR posing with the December 15, 2015, turkey and holding a gray and blue Bowtech compound bow with blue cams and blue-fletched arrows in the quiver.

E) That on or about December 18, 2015, the December 15, 2015, turkey or parts thereof, were transported in interstate commerce by, or at the direction of, the Defendants.

F) That on or about October 27, 2016, Defendant JOSH BOWMAR, knowingly and unlawfully established, utilized, or maintained baited areas for the purpose of taking white-tailed deer or mule deer and archery hunted deer, including for a specific white-tailed deer named "Goalpost," within a baited area in violation of Nebraska Revised Statutes 37-314, 37-504(4) and Nebraska Administrative Code Title 163, Section 4.001.01B9 upon a property located approximately seven (7) miles southwest of Ord, in Valley County, Nebraska. As depicted upon a trail camera photograph recorded at 1:34 PM, Defendant JOSH BOWMAR maintained a bait site consisting of granular deer feed or supplement placed on the ground near the edge of a dry pond. On the same day, Defendant JOSH BOWMAR hunted for white-tailed deer within another baited area as depicted by a video recording published by the Defendant JOSH

BOWMAR to the BBH Instagram account of mule deer passing in close proximity to the Defendant and a nearby bait site over-watched by an electronic trail camera visible in the background.

G) That on or about November 1, 2016, Defendant SARAH BOWMAR knowingly and unlawfully archery hunted deer and turkeys within a baited area and without a valid permit at multiple locations in Blaine County and Custer County, Nebraska, in violation of Nebraska Revised Statutes 37-314, 37-411 and 37-447 and Nebraska Administrative Code Title 163 Chapter 4 Section 001.01B9. At various times including at 4:59 PM approximately four (4) miles northwest of Brewster, white-tailed deer including non-target female deer or other non-target deer arrived and were present within baited areas and within archery shooting range of the Defendant SARAH BOWMAR. Defendant SARAH BOWMAR hunted from elevated tree stands located approximately 15 to 25 yards and in direct sight of bait sites.

H) That on or about November 7, 2016, Defendant JOSH BOWMAR, knowingly and unlawfully archery hunted deer within multiple baited areas including extensively for a white-tailed deer named "Sandman" upon property located adjacent to a sand and gravel operation approximately five (5) miles east of Brewster, in Blaine County, Nebraska, in violation of Nebraska Revised Statutes 37-314, 37-504(4) and Nebraska Administrative Code Title 163 Section 4.001.01B9. At approximately 6:23 PM a particular deer arrived within the baited area and fed upon a bait site at close range, within direct site, and within archery shooting range of the Defendant JOSH BOWMAR's hunting position. Defendant JOSH BOWMAR was unable to shoot the

deer due to the limited visibility from the post-sunset light conditions and the deer failing to provide a clean or unobstructed shot.

I) That on or about November 8, 2016, Defendant SARAH BOWMAR killed a wild turkey approximately four miles northwest of Brewster, located in Blaine County, Nebraska. Defendant SARAH BOWMAR shot and killed the turkey from a position upon the roadway and within the county road right-of-way in violation of Nebraska Revised Statutes 37-513 and 37-504(4).

J) That on or about November 8, 2016, the November 8, 2016, turkey or parts thereof illegally taken by Defendant SARAH BOWMAR, were transported in interstate commerce by, or at the direction of, the Defendants.

K) That on or about November 13, 2016, after editing and producing a video titled "Sarah Bowmar 2016 Fall Turkey Bow Kill," the Defendants published the video and other social media content upon the BBH YouTube channel and Instagram account depicting various segments of the November 1, 2016, and November 8, 2016, unlawful hunts while concealing evidence or visibility of the unlawful bait sites. The video depicted Defendant SARAH BOWMAR shooting the November 8, 2016, turkey with a camouflage Hoyt Carbon Defiant compound bow with blue limb-savers and yellow-rimmed sight, and using the same bow for the attempted take of deer and turkey on or about November 1, 2016.

L) That on or about December 28, 2016, Defendants JOSH BOWMAR and SARAH BOWMAR, knowingly and unlawfully archery hunted deer within a baited area on a property referred to by HHO as "The North Lot" approximately one (1) mile north of Brewster, in Blaine County, Nebraska, and in violation of Nebraska Revised Statutes

37-314, 37-504(4) and Nebraska Administrative Code Title 163 Section 4.001.01B9. Defendants hunted from a hay bale style ground blind located in direct view of and within approximately 25 yards of a well-established bait site. The bait site was refreshed with an approximately two-foot tall mound of alfalfa and granulated feed or supplement at least as recently as December 23, 2016.

M) That on or about December 29, 2016, Defendant JOSH BOWMAR killed a targeted deer, a 5 X 5 white-tailed deer, in plain sight of and within an area Defendant JOSH BOWMAR knew was baited in violation of Nebraska Revised Statutes 37-314, 37-504(4) and Nebraska Administrative Code Title 163 Section 4.001.01B9.

N) That on or about January 1, 2017, the December 29, 2016, deer or parts thereof illegally taken by Defendant JOSH BOWMAR, were transported in interstate commerce by, or at the direction of, the Defendants.

O) That on or about January 5, 2017, after editing and producing a video titled "DID HIS RACK JUST FALL OFF!?!?! Monster Nebraska Bowkill", the Defendants published the video and other related social media content upon at least the BBH YouTube channel and Instagram account depicting various segments from video recordings of the December 29, 2016 hunt while concealing evidence or visibility of the unlawful bait site. The video depicted Defendant JOSH BOWMAR shooting the deer with a camouflage Hoyt Carbon Defiant compound bow with green wrist strap and green-tipped stabilizer.

P) That on or about September 6, 2017, Defendant JOSH BOWMAR, knowingly and unlawfully archery hunted deer within a baited area approximately one (1) mile north of Brewster, in Blaine County, Nebraska, in violation of Nebraska Revised Statutes

37-314, 37-504(4) and Nebraska Administrative Code Title 163 Section 4.001.01B9. At approximately 5:52 PM, Defendant JOSH BOWMAR personally assisted refreshing a bait site by distributing PrimeTine deer feed upon an existing bait site. Defendant JOSH BOWMAR concealed himself and hunted from an abandoned building in close proximity, within direct site of the bait site, and within the baited area.

Q) That on or about September 6, 2017, while hunting within a baited area for targeted white-tailed deer named "Rookie" and a separate 4 X 4 deer with velvet antlers, Defendant SARAH BOWMAR killed a targeted deer, a 4 X 4 white-tailed deer with velvet antlers, in plain sight of and within an area Defendant SARAH BOWMAR knew was baited in violation of Nebraska Revised Statutes 37-314, 37-504(4) and Nebraska Administrative Code Title 163 Section 4.001.01B9 upon a property located approximately four (4) miles west of Brewster, in Blaine County, Nebraska.

R) That on or about September 8, 2017, September 15, 2017, and September 23, 2017, the September 6, 2017, deer or parts thereof illegally taken by Defendant SARAH BOWMAR, were transported in interstate commerce by, or at the direction of, the Defendants.

S) That on or about September 13, 2017, after Defendant SARAH BOWMAR self-filmed the hunt and later edited and produced a video titled "Sarah Solo Hunts 7 year Old 220lb Nebraska Buck", the Defendants published the video and other social media content upon at least the BBH YouTube channel and Instagram account depicting various segments from video recordings of the September 6, 2017 hunt while concealing evidence or visibility of the unlawful bait site. The video depicted

13

Defendant SARAH BOWMAR shooting the deer with a solid-colored subdued gray or tan Hoyt Carbon Defiant compound bow with blue limb-savers and blue-tipped stabilizer.

T) That on or about September 21, 2017, Defendant JOSH BOWMAR, while guided by HHO owner J.H. and accompanied by Defendant SARAH BOWMAR, shot and wounded a mule deer with archery equipment during the archery deer season and that while in the field searching for the deer, J.H., with Defendant JOSH BOWMAR's knowledge and consent, possessed and utilized a suppressed rifle and intended to unlawfully kill or assist in the kill of the wounded mule deer for Defendant Josh BOWMAR in violation of Nebraska Revised Statutes 37-410, 37-411, Nebraska Administrative Code Title 163 Section 4.001.01B5 and 4.003.01B.

U) That on or after September 22, 2017, after editing and producing a video titled "Long Shot in Crazy Winds Mule Deer Bowhunting", the Defendants published the video and other social media content upon the BBH YouTube channel and Instagram account depicting various segments of the September 21, 2017, unlawful hunt. The video depicted Defendant JOSH BOWMAR initially shooting and wounding the deer with a solid-colored subdued gray or tan Hoyt Carbon Defiant compound bow with green string, green-tipped stabilizer, and green "BOWMAR" lettering on sight.

V) That on or about October 29, 2017, Defendant SARAH BOWMAR, while guided by HHO owner J.H., and accompanied by Defendant JOSH BOWMAR, shot and wounded a mule deer with archery equipment during the archery deer season upon Y.M.'s property located approximately 13 miles south of Broken Bow, in Custer County, Nebraska. That while in the field searching for the deer, J.H., with

Defendant SARAH BOWMAR's knowledge and consent, possessed a suppressed Howa .223 caliber bolt-action rifle and intended to unlawfully kill the wounded mule deer for SARAH BOWMAR in violation of Nebraska Revised Statutes 37-410, 37-411, Nebraska Administrative Code Title 163 Section 4.001.01B5 and 4.003.01B.

W) That on or between October 29, 2017, and November 6, 2017, Defendant SARAH BOWMAR knowingly and unlawfully archery hunted deer within a baited area at multiple locations in Blaine County and Custer County, Nebraska in violation of Nebraska Revised Statutes 37-314, 37-504(4) and Nebraska Administrative Code Title 163 Section 4.001.01B9. Defendant SARAH BOWMAR hunted for a particular trophy-sized white-tailed deer named "Cocoa" previously located and identified by HHO with the aid of electronic game cameras over-watching bait sites. On November 3, 2017, at approximately 6:38 PM Defendant SARAH BOWMAR observed "Cocoa" arrive within the baited area and feed upon a bait site consisting of a large amount of alfalfa and granulated feed or supplement at a range of approximately 12 yards and well within archery shooting range from the Defendant SARAH BOWMAR's hunting position. Defendant SARAH BOWMAR did not obtain clearance to shoot the deer from HHO owner J.H. until approximately 6:51 PM, just prior to the close of legal shooting hours, with limited visibility, and after the deer was actively feeding upon the bait site. Due to the darkness and delayed clearance from J.H. to kill the deer, the Defendant SARAH BOWMAR was unable to make an archery shot on the deer.

X) That on or between October 29, 2017, and November 6, 2017, Defendant JOSH BOWMAR knowingly and unlawfully archery hunted deer within a baited area at

multiple locations in Blaine County and Custer County, Nebraska, in violation of Nebraska Revised Statutes 37-314, 37-411 and 37-447 and Nebraska Administrative Code Title 163 Chapter 4 Section 001.01B9. Defendant JOSH BOWMAR hunted extensively for a particular trophy-sized white-tailed deer named "Tallboy" previously located and identified by HHO with the aid of electronic game cameras over-watching bait sites within baited areas upon a property located approximately five (5) miles east of Brewster. Defendant JOSH BOWMAR personally refreshed and distributed bait, including PrimeTine deer feed, and maintained and serviced electronic game cameras over-watching bait sites in the area intended lure or attract deer including "Tallboy." Defendant JOSH BOWMAR constructed a ground blind using tree branches and other vegetation at an elevated hill-side position within direct site of the bait site. Defendant JOSH BOWMAR on multiple occasions unlawfully hunted for "Tallboy" within the baited area and from an elevated ladder-style tree stand located 10 yards from the bait site or the ground blind located 21 yards from the bait site.

Y) That on or between October 29, 2017, and November 6, 2017, Defendant JOSH BOWMAR knowingly and unlawfully established, utilized, or maintained baited areas for the purpose of taking white-tailed deer at multiple locations in Blaine County and Custer County, Nebraska, in violation of Nebraska Revised Statutes 37-314 and Nebraska Administrative Code Title 163 Chapter 4 Section 001.01B9. Defendant JOSH BOWMAR utilized various equipment and conveyances including at least PrimeTine deer feed and other prohibited bait products, StealthCam electronic trail cameras, and Defendant JOSH BOWMAR's charcoal-colored 2016 Toyota

Tundra pickup in support of the unlawful bait site activities. Images of Defendant JOSH BOWMAR conducting the unlawful activities were recorded upon electronic trail cameras over-watching the bait sites at multiple properties including upon a ranch located on the South Loup River approximately six (6) miles northeast of Oconto, adjacent to a sand and gravel operation located on the North Loup River approximately five (5) miles east of Brewster, and an abandoned ranch building site located approximately one (1) mile north of Brewster.

In violation of Title 18, United States Code, Section 371.

## COUNT II

On or about December 18, 2015, within the District of Nebraska, SARAH BOWMAR, defendant herein, did knowingly purchase, transport, receive, and acquire wildlife, that is a wild turkey or parts thereof, in interstate commerce, when in the exercise of due care, the defendant should have known that said wildlife was taken, possessed, and transported in violation of and in a manner unlawful under the regulations of Nebraska, specifically Nebraska Revised Statutes 37-411, 37-457, and 504(4).

In violation of Title 16, United States Code, Section 3372(a)(2)(A) and Title 16, United States Code, Section 3373(d)(2).

## COUNT III

On or about November 8, 2016, within the District of Nebraska, SARAH BOWMAR, defendant herein, did knowingly purchase, transport, receive, and acquire wildlife, that is a wild turkey or parts thereof, in interstate commerce, when in the exercise of due care, the defendant should have known that said wildlife was taken, possessed, and transported in violation of and in a manner unlawful under the regulations of Nebraska, specifically Nebraska Revised Statutes 37-513, and 504(4).

In violation of Title 16, United States Code, Section 3372(a)(2)(A) and Title 16, United States Code, Section 3373(d)(2).

## COUNT IV

On or about September 8, 2017, September 15, 2017, and September 23, 2017, within the District of Nebraska, SARAH BOWMAR, defendant herein, did knowingly purchase, transport, receive, and acquire wildlife, that is a white-tailed deer or parts thereof, in interstate commerce, when in the exercise of due care, the defendant should have known that said wildlife was taken, possessed, and transported in violation of and in a manner unlawful under the regulations of Nebraska, specifically Nebraska Revised Statutes 37-314, 37-504(4) and Nebraska Administrative Code Title 163 Section and 4.001.01B9.

In violation of Title 16, United States Code, Section 3372(a)(2)(A) and Title 16, United States Code, Section 3373(d)(2).

## COUNT V

On or about January 1, 2017, within the District of Nebraska, JOSH BOWMAR, defendant herein, did knowingly purchase, transport, receive, and acquire wildlife, that is a white-tailed deer or parts thereof, in interstate commerce, when in the exercise of due care, the defendant should have known that said wildlife was taken, possessed, and transported in violation of and in a manner unlawful under the regulations of Nebraska, specifically Nebraska Revised Statutes 37-314, 37-504(4) and Nebraska Administrative Code Title 163 Section and 4.001.01B9.

In violation of Title 16, United States Code, Section 3372(a)(2)(A) and Title 16, United States Code, Section 3373(d)(2).

## FORFEITURE ALLEGATION

1. The allegations contained in Count I though Count V of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to

Title 16, United States Code, Section 3374, as made applicable by Title 28, United States Code, Section 2461.

    2.    Upon conviction of an offense in violation of Title 16, United States Code, Section 3374, Defendants JOSH BOWMAR, SARAH BOWMAR, and BOWMAR BOWHUNTING LLC shall forfeit to the United States of America any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation. The forfeitable property includes, but is not limited to:

    a.    Solid-colored subdued gray or tan Hoyt Carbon Defiant compound bow with blue limb-savers and blue-tipped stabilizer (2017 hunt);

    b.    One (1) set of 5 X 5 deer antlers originating from a white-tailed deer taken by Josh BOWMAR on or about December 29, 2016;

    c.    One (1) set of 5 X 5 deer antlers in partial velvet with attached skull cap and associated cape or hide originating from a mule deer taken by Josh BOWMAR on or about September 21, 2017;

    d.    One (1) set of 4 X 4 deer antlers in velvet and associated cape or hide originating from a white-tailed deer taken by Sarah BOWMAR on or about September 6, 2017;

    e.    Money Judgment. Judgment against Defendant(s) for a sum of money equal to the value of the property constituting, or derived from, any proceeds Defendant(s) obtained directly or indirectly as a result of the offense alleged in Count I though Count V of this Information, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count I though Count V of this Information.

3. If any of the property described above, as a result of any act or omission of Defendant(s):

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

UNITED STATES OF AMERICA,
Plaintiff

JOSEPH P. KELLY
United States Attorney
District of Nebraska

By: _____
DONALD J. KLEINE, #22669
Assistant U.S. Attorney

The United States of America requests that trial of this case be held in Omaha, Nebraska, pursuant to the rules of this Court.

_____
DONALD J. KLEINE, #22669
Assistant U.S. Attorney